IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIELLE SCHWARTZ and
HAUNAH VANLANINGHAM,
Individually and on behalf of all other
similarly-situated current citizens of Illinois,

        Plaintiff,

v.

CAMPBELL SOUP CO.,

        Defendants.

Case No. _____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, defendant Campbell Soup Co. ("Campbell") removes this case from the Circuit Court for the Twentieth Judicial District, St. Clair County, Illinois to the United States District Court for the Southern District of Illinois. For the reasons explained below, this court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §1332(d); *see also* 28 U.S.C. §1453(b).

### I. INTRODUCTION AND BACKGROUND

**A. Procedural Background**

On or about June 21, 2018, Plaintiffs Danielle Schwartz and Haunah Vanlaningham (collectively "Plaintiffs") filed a Complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, captioned *Danielle Schwartz and Haunah Vanlaningham v. Campbell Soup Co.*, Case No. 18-L-441 (the "State Court Action"). Campbell was served with the State Court Action Summons and Complaint on August 2, 2018 ("Complaint"). Removal of this action is therefore timely, in that Campbell has filed this Notice of Removal within 30 days of receiving the Summons and Complaint. *See* 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), a true copy of the Complaint is attached hereto as Exhibit A.

This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Campbell has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1453.

By removing this action to this Court, Campbell does not waive any defenses, objections, or motions available to it under state or federal law. In addition, Campbell reserves the right to require that Plaintiffs' claims and the claims of the putative class be decided on an individual basis.

**B.     Allegations Contained in the Complaint**

The Complaint alleges two causes of action against Campbell: (1) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and (2) unjust enrichment under Illinois common law. Complaint ¶ 8. Both claims arise out of Campbell's allegedly false and deceptive marking and sale of "Slow Kettle Style" Tomato & Sweet Basil Bisque, Roasted Red Pepper & Smoke Gouda Bisque, New England Clam Chowder, "Home Style" Harvest Tomato with Basil, Zesty Tomato, and "Home Style Healthy Request" Harvest Tomato with Basil (collectively, the "Soups"). *Id.* ¶¶ 1-7.

Plaintiffs bring this action as a putative class action. *Id.* ¶ 31. They seek to represent a class of "[a]ll current citizens of Illinois who purchased [the Soups] in the five years preceding the filing of the Petition in this case[.]" *Id.* Plaintiffs allege that the putative class "consists of hundreds of purchasers" and that it would thus be "impractical to join all Class Members before this Court." *Id.* ¶ 33.

Plaintiffs seek the following forms of relief: (1) compensatory damages to Plaintiffs and the proposed class, or, alternatively, for Defendant to disgorge or pay restitution of its gains; (2) pre- and post-judgement interest; (3) attorneys' fees and costs; and (4) all such other and further relief. *Id.* at 12.

## II.   GROUNDS FOR REMOVAL

A.   **The Present Action Is Removable Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453.**

This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1453. CAFA grants district courts original jurisdiction over class actions in which: (1) the aggregate amount in controversy exceeds $5,000,000; (2) the members of the class of plaintiffs number over 100; (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant;" and (4) the primary defendants are not states, state officials, or other governmental entities. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(A) and (B), and 1332(d)(6). As set forth below, this action satisfies each of the requirements of Section 1332(d) for original jurisdiction under CAFA.

1.   **This Action Is a Class Action under CAFA**

As an initial matter, this action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). Plaintiffs have explicitly stated that they are bringing this action as a class action and that their claims meet the requirements of 735 ILCS 5/2-801, which is similar to Federal Rule of Civil Procedure 23. Complaint ¶ 31.

2.   **The Aggregate Amount in Controversy Exceeds $5,000,000**

Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). A defendant seeking to remove a case must assert "a short and plain statement of the grounds for removal" and defendant's allegations of the amount in controversy "should be accepted when not contested by the plaintiff or questioned by the court." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017), citing *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir.2011) (a removing party only

must establish the amount in controversy by a good faith estimate that is "plausible and adequately supported by the evidence").

If, however, a defendant's assertions are challenged by the plaintiff, defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). A defendant may submit this evidence in opposition to a plaintiff's motion to remand. *Dart Cherokee*, 135 S. Ct. at 554.

Here, Plaintiffs' request for restitution places more than $5,000,000 in controversy.[1] *See* Complaint at 12. Plaintiffs state that "Defendant cannot be economically enriched for such actions at Plaintiffs' and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic restitution is required." *Id*. Plaintiff Danielle Schwartz alleges that she "would not have purchased [the Soups] or would have paid less for them" had she known they contained preservatives. *Id*. ¶ 9. Ms. Schwartz states that the purchase price of the soup she bought was $3.89 and that her claim is "typical of all class members in this regard." *Id*. Plaintiff Haunah Vanlaningham alleges that she "would not have purchased [the Soups] or would have paid less for them" had she known they contained preservatives. *Id*. ¶ 10. Ms. Vanlaningham states that the purchase price of the soup she bought was $2.49 and that her claim "is typical of all class members in this regard." *Id*.

Plaintiffs state that they have standing to pursue claims relating to Soups they did not actually purchase. *Id*. ¶ 11. Yet, Plaintiffs also state that their individual claims are, "at most, equal to the refund of the purchase price [each paid] for the Soups," and thus there is no diversity jurisdiction. *Id*. ¶ 12. But the purchase price that one Plaintiff paid for the Soups does not reflect the total amount in controversy, as the amount in controversy is the aggregate amount in controversy and not simply what one Plaintiff paid. *See* 28 U.S.C. §1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs");

---

[1] Defendant disputes that Plaintiffs are entitled to any relief.

*see also Stull v. YTB Int'l, Inc.*, No. CIV. 10-600-GPM, 2010 WL 4008153, at *4 (S.D. Ill. Oct. 13, 2010) (finding that the CAFA $5 million threshold for removal was met where class consisted of 17,303 members with damages of at least $450 each, totaling an aggregate of over $7 million). Regarding the aggregate, Plaintiffs boldly state that the "**total damages** of Plaintiffs and Class Members . . . is far less" than the $5 million threshold for CAFA. *Id.* ¶ 13 (emphasis added). Plaintiffs declare that defendants "cannot plausibly allege" sales of the Soups in excess of this threshold. *Id.* ¶ 14. But Plaintiffs are factually incorrect.

As detailed in the declaration of Kyle Hammonds in support of this Notice of Removal, defendant sold more than $5,500,000 worth of the Soups to Illinois retailers in calendar years 2014, 2015, 2016, 2017 and part of 2018. Declaration of Kyle Hammonds ("Hammonds Dec.") ¶ 5, a true copy attached hereto as Exhibit B. This figure includes Soups that the named Plaintiffs themselves have not specifically purchased, but that they have nonetheless placed within the purview of the case by claiming relief for any other Soup bearing the same, or similar, "no preservatives" claim, and containing any of the acids that the Complaint summarily asserts is a "preservative." *See* Complaint ¶¶ 2-3 (identifying different claims challenging the use of the term "preservatives"); *id.* ¶ 4 (alleging that citric, ascorbic, and succinic acids "are preservatives"); *id* ¶ 11 (Plaintiffs asserting that they have standing to pursue claims related to Soups they did not purchase because the labels are "substantially similar in that each claims the Soups do not contain preservatives"); *see also* Hammonds Decl. ¶ 4.

However, the "Class Period" consists of June 21, 2013 until June 21, 2018. Complaint ¶ 31 (defining the Class Period as "the five years preceding the filing of the Petition in this case," where the Petition was filed June 21, 2018). The $5,500,000 sales figure does not include sales from June 21, 2013 to December 31, 2013 and is therefore necessarily *less* than the actual sales made during the Class Period. Further, this sales figure is *also less* than the total retail sales number because retailers sell the Soups to consumers at a markup. Hammonds Dec. ¶¶ 4-5. Thus, even if Plaintiffs seek only a fraction of the retail sales of the Soups, that number exceeds $5 million. *Id.*

In sum, Plaintiffs' requested restitution places the amount in controversy well above CAFA's $5 million threshold.[2]

### 3. The Members of the Class Number Over 100

Plaintiffs allege that the members of the putative class "consists of hundreds of purchasers." Complaint ¶ 33. Further, Plaintiffs represent that the number of class members is so large that it would be "impractical to join all Class Members before this Court." *Id.* The class members consist of "[a]ll current citizens of Illinois who purchased [the Soups] in the five years preceding the filing of the Petition in this case[.]" *Id.*

Accordingly, based on Plaintiffs' allegations, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

### 4. Minimal Diversity Is Established

The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiffs are both Illinois citizens residing in St. Clair County, Illinois. Complaint ¶¶ 9-10. Class members are current citizens of Illinois. *Id.* ¶ 31.

Defendant is not a citizen of Illinois. Campbell is incorporated under the laws of New Jersey, and its principal place of business is in Camden, New Jersey. *Id.* ¶ 12. Defendant is a citizen of a different state from Plaintiffs, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

---

[2] Plaintiffs' Complaint alleges that the labeling of the Soups is "unlawful" and "unfair," Complaint ¶ 41, 46, and alleges that the action is brought to "recover damages," but it does not expressly claim injunctive relief as a remedy. Complaint ¶ 8. The Prayer for Relief contains only a catch-all request for "all such other and further relief." Prayer for Relief ¶ f. Because the amount in controversy exceeds CAFA's $5,000,000 jurisdictional threshold without regard to the costs associated with an injunction to re-label the Soups, and because the Complaint does not appear to seek injunctive relief, such costs are not included here. If, however, Plaintiffs seek remand premised on an argument that the amount-in-controversy is not met, and in so doing purport to request injunctive relief, Campbell reserves the right to supplement the record on that point as to costs of an injunction in opposition to any remand motion.

5.   **The Only Defendant Is a Corporation**

Campbell is a corporation and the only defendant. Therefore, the primary defendant is not a state, state official, or other governmental entity, and the requirement of 28 U.S.C. § 1332(d)(5)(A) is met.

6.   **This Action Does Not Fall Within Any Exclusions to Removal Jurisdiction**

The action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d) or 28 U.S.C. § 1453(d). This action is therefore removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," **and** at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two third or more of" the class members and "the primary defendants, are citizens of the State in which the action was filed"). While all members of the proposed class are citizens of Illinois, Campbell is the only defendant and Campbell is not a citizen of Illinois. Thus, 28 U.S.C. § 1332(d)(4) does not apply here because Campbell is not a citizen of the state in which the action was originally filed. Complaint ¶ 12.

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiffs' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Complaint ¶¶ 40-56 (raising claims that arise under an Illinois consumer protection statute and Illinois common law).

**B.     Campbell Has Satisfied the Other Requirements for Removal.**

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the removed action was pending.

Campbell is the sole defendant, and no other defendant is required to consent to this removal. 28 U.S.C. § 1453(b).

Pursuant to 28 U.S.C. § 1446(d), Campbell is today serving this notice of removal on Plaintiffs and will file a copy of this Notice with the Clerk of the Circuit Court for the Twentieth Judicial District of St. Clair County, Illinois.

### III.   CONCLUSION

WHEREFORE, defendant Campbell Soup Company hereby removes this case from the Circuit Court for the Twentieth Judicial District of St. Clair County, Illinois to this federal district court.

DATED: August 29, 2018

s/Kathleen Stetsko
One of the attorneys for Defendant
Campbell Soup Company

Charles C. Sipos
CSipos@perkinscoie.com
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-3983
Fax: (206) 359-4983
David T. Biderman
DBiderman@perkinscoie.com
Perkins Coie LLP
505 Howard Street Suite 1000
San Francisco, CA 94105
Tel: (415) 344-7003
Fax: (310) 843-1242
Cassandra L. Abernathy
Kathleen A. Stetsko
131 S. Dearborn Street
Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

I, Kathleen A. Stetsko, certify that on August 29, 2018, I caused the foregoing **NOTICE OF REMOVAL** to be served via regular mail before the hour of 5:00 p.m. on the counsel of record listed below:

*Counsel for Plaintiff*

David C. Nelson
Nelson & Nelson, Attorneys at Law, P.C.
420 North High Street
Belleville IL 62220

Matthew H. Armstrong
Armstrong Law Firm LLC
8816 Manchester Rd., No. 109
St. Louis, MO  63144

                                                /s/Kathleen A. Stetsko
                                        One of the attorneys for Defendant
                                        Campbell Soup Company