# Exhibit

# A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
GEORGE HUFF
18L0441
St. Clair County
6/21/2018 4:49 PM
1287128

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

DANIELLE SCWHARTZ and      )
HAUNAH VANLANINGHAM,      )
individually and on behalf of all other     )
similarly-situated current citizens of Illinois, )
                                 )
      Plaintiffs,           )
                                 )
v.                             )    No. 18-L-441
                                 )
CAMPBELL SOUP CO.,         )
                                 )
      Defendant.        )

## CLASS ACTION COMPLAINT

Plaintiffs, Danielle Schwartz and Haunah Vanlaningham, individually and on behalf of all other similarly-situated current citizens of Illinois, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### CASE SUMMARY

1.    This case arises out of Defendant Campbell Soup Company's ("Defendant") deceptive, unfair, and false practices regarding its "Slow Kettle Style" Tomato & Sweet Basil Bisque, Roasted Red Pepper & Smoke Gouda Bisque, New England Clam Chowder, "Home Style" Harvest Tomato with Basil, Zesty Tomato, and "Home Style Healthy Request" Harvest Tomato with Basil (the "Soups").

2.    On the label of the Slow Kettle Style soups, Defendant deceptively, falsely, and unfairly represents that the soups are "Made With Patience, Not Preservatives," which deceives consumers into believing that the Soups do not contain preservatives.

3.    On the label of the Home Style soups, Defendant deceptively, falsely, and unfairly represents that the soups are "No Preservatives Added," which deceives consumers into

believing that the Soups do not contain preservatives.

4.     The Soups, however, contain preservatives because they contain Citric Acid, Ascorbic Acid, and/or Succinic Acid which are preservatives (the "Preservatives").

5.     Plaintiffs and reasonable consumers reasonably believe, define, and assume that Soups labeled "Made With Patience, Not Preservatives" and/or "No Preservatives Added" do not contain preservatives.

6.     Because the Soups contain the Preservatives, the representations that the Soups contain no preservatives are unfair, false, deceptive, and misleading.

7.     By claiming that the Soups are free of preservatives, Defendant deceives consumers into believing that the Soups do not contain preservatives, when they in fact contain the Preservatives.

8.     Plaintiffs bring this case to recover damages for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Illinois common law.

## THE PARTIES

9.     Plaintiff Danielle Schwartz is an Illinois citizen residing in St. Clair County, Illinois. On a few occasions during the Class Period (as defined below), including in the first six months of 2018, Plaintiff purchased the Defendant's Slow Kettle Style Tomato & Sweet Basil Bisque at Target in Belleville, Illinois, for personal purposes after reviewing the "Made With Patience, Not Preservatives" label, which deceived her. If Plaintiff had known the Soups in fact contained preservatives she would not have purchased them or would have paid less for them. Upon information and belief, the purchase price of the soup was $3.89. Plaintiff's claim

is typical of all class members in this regard.  The label of each of the Soups is substantially similar in claiming that the Soups do not contain preservatives when they do.

10.     Plaintiff Haunah Vanlaningham is an Illinois citizen residing in St. Clair County, Illinois.  On a few occasions during the Class Period (as defined below), including in the first six months of 2018, Plaintiff purchased the Defendant's Home Style Harvest Tomato with Basil soup at Target in Belleville, Illinois, for personal purposes after reviewing the "No Preservatives Added" label, which deceived her.  If Plaintiff had known the Soups in fact contained preservatives she would not have purchased them or would have paid less for them.  Upon information and belief, the purchase price of the soup was $2.49.  Plaintiff's claim is typical of all class members in this regard.  The label of each of the Soups is substantially similar in claiming that the Soups do not contain preservatives when they do.

11.     The labels of each of the Soups —including those Plaintiffs have not purchased— are substantially similar in that each claims the Soups do not contain preservatives.  Accordingly, Plaintiffs have standing to pursue claims relating to Soups they did not actually purchase.

12.     Defendant Campbell Soup Company is a New Jersey corporation with its headquarters and principal place of business in Camden, New Jersey.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

12.     Plaintiffs believe and allege that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Soups.  There is therefore no diversity jurisdiction over this case.

13.     Because the value of Plaintiffs' claims are typical of all class members with respect to the value of the claim, the total damages of Plaintiffs and Class Members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.  There is therefore no CAFA jurisdiction for this case.

14.     Defendant cannot plausibly allege that it had sufficient sales of the Soups in Illinois during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

15.     This Court has personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state.  In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois that give rise to civil liability, including distributing the fraudulent Product for sale throughout the State of Illinois.

16.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transaction out of which the causes of action arose occurred in this county.

17.     Plaintiffs and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## FACTUAL ALLEGATIONS

18.     Defendant manufactures, sells, and distributes the Soups.

19.     Knowing that consumers like Plaintiffs are increasingly interested in purchasing healthy, natural Soups that do not contain potentially harmful preservatives and chemicals, Defendant has sought to take advantage of this growing market by labeling certain Soups as being "Made With Patience, Not Preservatives" and/or having "No Preservatives Added."

20.     By affixing such labels to the packaging of the Soups, Defendant can entice consumers like Plaintiffs to pay a premium for the supposed preservative-free Soups.

21.     The labels of the Soups are deceptive, unfair, false, and misleading in that Defendant prominently represents that the Soups are "Made With Patience, Not Preservatives" and/or having "No Preservatives Added." The label of each of the Soups is substantially similar in claiming that the Soups are preservative-free when they are not.

22.     The Soups, however, are not preservative-free because they contain the Preservatives.

23.     Citric Acid is a weak, edible acid used as an additive in processed foods as a preservative often added to canned and jarred foods to prevent botulism. Of all the ingredients likely to be found in processed foods, citric acid may seem the most reasonable as it invokes in consumers the image of citrus fruit, but it is synthetically produced from Aspergillus niger, a common black mold. Defendant's Slow Kettle Style Tomato & Basil Bisque, Slow Kettle Style Roasted Red Pepper & Smoked Gouda Bisque, Home Style Harvest Tomato with Basil, Home Style Healthy Request Harvest Tomato with Basil, and Home Style Zesty Tomato all contain Citric Acid.

24.     Ascorbic Acid is a water-soluble vitamin with antioxidant properties. Ascorbic acid neutralizes oxygen. It is used in canned and jarred foods to prevent decay due to oxygenation and preserve flavor. Manufacturers often parenthetically note that Ascorbic Acid is Vitamin C making it seem reasonable to consumers as a vitamin rather than a preservative. Defendant's Home Style Harvest Tomato with Basil and Home Style Healthy Request Harvest Tomato with Basil both contain Ascorbic Acid.

25.     Succinic Acid is food grade additive used as a preservative in canned and jarred foods to inhibit many strains of bacteria, mold, and yeast.  Defendant's Slow Kettle Style New England Clam Chowder contains Succinic Acid.

26.     Plaintiffs and reasonable consumers reasonably believe and assume that Soups labeled "Made With Patience, Not Preservatives" and/or having "No Preservatives Added" do not contain any preservatives.

27.     Neither Plaintiffs nor any reasonable consumer would expect preservatives to be in Soups labeled "Made With Patience, Not Preservatives" and/or having "No Preservatives Added."

28.     Neither Plaintiffs nor any reasonable consumer when reviewing the Soups' labels would know or should know that the Soups contained preservatives.

29.     As a result of Defendant's deceitful labels, Defendant was able to charge, and Plaintiffs and class members paid, a premium for the supposed preservative-free Soups.  Because they are not in fact preservative-free, the Soups were worth less than they were represented to be, and Plaintiffs and class members paid extra for them.

30.     Defendant's misrepresentation constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation within the meaning of the ICFA.

## CLASS ALLEGATIONS

31.     Pursuant to 735 ILCS 5/2-801 *et. seq.*, Plaintiffs bring this action on their own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

All current citizens of Illinois who purchased Campbell Soup "Slow Kettle Style" Tomato & Sweet Basil Bisque, Roasted Red Pepper & Smoke Gouda Bisque, New England Clam Chowder, "Home Style" Harvest Tomato with Basil, Zesty Tomato, and/or "Home Style Healthy Request" Harvest Tomato with Basil soups in the five years preceding the filing of the Petition in this case (the "Class Period").

32.    Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

33.    Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

34.    There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact are:

   a.    whether the representations that the Soups are preservative-free is unfair, false, misleading, and deceptive;

   b.    whether Defendant violated the ICFA by selling the Soups with false, misleading, and deceptive representations;

   c.    whether Defendant intended that Plaintiffs and the Class Members would rely on its preservative-free representations;

   d.    whether Defendant's acts constitute deceptive, unfair, and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

   e.    whether Defendant has been unjustly enriched; and

Page 7 of 13
Case No.:  18-L-

    f.  the proper measure of damages sustained by Plaintiffs and Class Members.

35.  The claims of the Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and Defendant's conduct affecting Class Members, and Plaintiffs have no interests adverse to the interests other Class Members.

36.  Plaintiffs will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

37.  A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a.  the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b.  absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c.  given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.  when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e.  this action presents no difficulty that would impede its management by the court as a class action which is the best available means by which Plaintiffs

and members of the Class can seek redress for the harm caused to them by Defendant.

38.     Because Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class which would establish incompatible standards of conduct for Defendant.

39.     Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Thus, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### Count One – Violation of the ICFA

40.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

41.     The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2.

42.     Defendant's conduct in advertising and selling the Soups as preservative-free when they in fact contain the Preservatives constitutes the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

43.     Defendant intended that Plaintiffs and the Class Members would rely on its preservative-free representations. Defendant is aware that consumers like Plaintiffs and Class Members are becoming more and more interested in purchasing natural, healthy Soups that do not contain synthetic, potentially harmful, preservatives. Defendant intended to prey on this interest.

44.     The preservative-free misrepresentations are material because they concern the type of information upon which a reasonable consumer would be expected to rely in deciding whether to purchase.

45.     Because Defendant is in the business of selling it Soups, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

46.     Defendant's practice of advertising and selling the Soups as preservative-free when they in fact contain the Preservatives is also unfair. The practice offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing and using healthy, natural soups without preservatives. Selling the Soups as preservative-free when they are not offends the public's expectation to be told the truth about the Soups they are buying.

47.     Defendant's conduct causes substantial injury to consumers. Not only are consumers being misled into purchasing Soups that are not what they are represented to be, but exposing consumers to unwanted Preservatives is substantially injurious.

48.     Neither Plaintiffs nor any reasonable consumer would expect to find Preservatives in Soups labeled preservative-free.

49.     Neither Plaintiffs nor any reasonable consumer when reviewing the Soups' labels would know nor should know that Citric Acid, Ascorbic Acid, or Succinic Acid are preservatives.

50.     Because the Soups are not preservative-free as they are represented to be, the Soups as sold were worth less than the Soups as represented, and Plaintiffs and Class Members paid a premium for them.  Had the truth be known, Plaintiffs and Class Members would not have purchased the Soups.

51.     Plaintiffs and Class Members were deceived by the preservative-free labels on the Soups and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Soups and the value of the Soups if they had been as represented.

### Count Two – Unjust Enrichment

52.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

53.     By purchasing the Soups, Plaintiffs and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Soups.

54.     Defendant appreciated the benefit because, were consumers not to purchase the Soups, Defendant would have no sales and make no money.

55.     Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Soups.

56.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiffs' and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, prays the Court:

      a.      grant certification of this case as a class action;

      b.      appoint Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

      c.      award compensatory damages to Plaintiffs and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

      d.      award pre- and post-judgment interest;

      e.      award reasonable and necessary attorneys' fees and costs; and

      f.      for all such other and further relief, as may be just and proper.

Dated:  June 21, 2018

Danielle Schwartz and Haunah Vanlaningham, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiffs

By: _____

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street
Belleville IL 62220
Tel:     618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class